# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Wahid Masud Siddiqi, | Case No. 2:25-cv-02614-JAD-BNW |
| Petitioner | **Order Appointing Counsel, Directing Service of 28 U.S.C. § 2241 Petition, and Setting a Briefing Schedule** |
| v. | |
| Pamela Bondi, et al., | [ECF Nos. 1, 1-1, 1-2] |
| Respondents | |

Petitioner Wahid Masud Siddiqi, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241, moves for leave to proceed *in forma pauperis* ("IFP"), and moves for the appointment of counsel.[1]  I find that good cause exists to grant Siddiqi's IFP motion and that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[2]  And, following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[3] I also find that the petition establishes a *prima facie* case for relief, so I direct that it be served on the United States Attorney's Office for the District of Nevada and set a briefing schedule.

---

[1] ECF Nos. 1, 1-1, 1-2.

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due-process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

[3] I exercise my discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

IT IS THEREFORE ORDERED that the motion for leave to proceed IFP (ECF No. 1) is **GRANTED**.

IT IS FURTHER ORDERED that the motion for appointment of counsel (ECF No. 1-2) is **GRANTED**. The Federal Public Defender for the District of Nevada is appointed to represent Petitioner Wahid Masud Siddiqi and is directed to file a notice of appearance (or indicate its inability to represent Siddiqi) within 7 days of the date of this Order. If the Federal Public Defender is unable to represent Siddiqi, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Siddiqi in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the Federal Public Defender files a notice of appearance in this matter, it will then have 14 days to file an amended petition. The Federal Public Defender must effectuate service of the amended petition on the respondents.

IT IS FURTHER ORDERED that the Clerk of the Court:

1. **DELIVER** a copy of the petition (ECF No. 1-1) and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada and John Mattos to the docket as Interested Parties.

3. **SEND**, through CM/ECF, a copy of the petition (ECF No. 1-1) and this Order to the United States Attorney's Office for the District of Nevada, at Sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov, Veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

4. **SEND** a copy of the petition (ECF No. 1-1) and this Order to the Federal Public Defender, Siddiqi, and the CJA Coordinator for this division.

5. **MAIL** a copy of the petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

- Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

- Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

- Michael Bernacke, Salt Lake City ICE Field Office Director, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096

- Todd Lyons, Acting Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536

- John Mattos, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

IT IS FURTHER ORDERED that the U.S. Marshal **SERVE** a copy of the petition (ECF No. 1-1) and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United State Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the United States Attorney's Office for the District of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the amended petition within 7 days of service of Siddiqi's counseled amended petition, unless additional time is allowed for good cause shown. The respondents must file any

1  documents referenced or relied upon in their responsive pleading with that pleading.[4]  Siddiqi

2  will then have 7 days to file a reply.

3    IT IS FURTHER ORDERED that the parties must meet and confer regarding any

4  requests for an extension of deadlines and stipulate to the extension if possible.  Any motion for

5  extension must certify efforts taken to meet and confer and indicate the opposing party's position

6  regarding the extension.  Any motion or stipulation must comply with Federal Rule of Civil

7  Procedure 6(b) and Local Rules IA 6-1, 6-2.

8    IT IS FURTHER ORDERED that the respondent must not transfer the petitioner out of

9  this district,[5] with the exception of effectuating the petitioner's lawful deportation.

10    Dated: January 6, 2026

11    _____
       U.S. District Judge Jennifer A. Dorsey
12

13

14

15

16

17

18

19

20
_____

21  [4] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a
    petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize
22  the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help
    the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

23  [5] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express
    authority under the All Writs Act to issue such temporary injunctions as may be necessary to
    protect its own jurisdiction").